# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF VIRGINIA

### ROANOKE DIVISION

| | |
|---|---|
| STEVEN ADAM SISSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>VIRGINIA HIGH SCHOOL LEAGUE, INC. )<br><br>Defendant. )<br>_____ ) | Civil Action No. 7:10-cv-00530<br><br>COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF |

TO:  Virginia High School League, Inc.
     c/o CT Corporation System, Registered Agent
     4701 Cox Road, Suite 301
     Glen Allen, VA 23060

Plaintiff, Steven Adam Sisson ("Sisson"), for his Complaint alleges as follows:

1.     Sisson brings this action under 42 U.S.C. § 1983 and the Declaratory Judgment

Act, 28 U.S.C. § 2201, to obtain a permanent injunctive relief and other injunctive relief for

defendant's violations of his constitutional rights.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 USC § 1331.

3.     Venue in the United States District Court for the Western District of Virginia is

proper under 28 USC § 1391.

## PLAINTIFF

4.     Plaintiff Sisson is an individual who resides in the County of Montgomery,

Virginia and attends high school at Eastern Montgomery High School.

1

## DEFENDANT

5.     Defendant Virginia High School League ("VHSL") at all times material to this Complaint, acting alone or in concert with others, formulated, directed, controlled or participated in the acts and practices set forth in this Complaint. Defendant Olson transacts or has transacted business in, is a Virginia corporation, and is a state actor in the Western District of Virginia.

## DEFENDANT'S DENIAL OF PLAINTIFF'S PARTICIPATION IN ATHLETICS

6.     VHSL is a non-profit, voluntary organization whose purpose remains to serve more that 200,000 students who participate each year in interscholastic athletic and academic programs and competitions.

7.     VHSL regulates the eligibility of students who participate in interscholastic athletic programs and competitions.

8.     Sisson is a student subject to the regulations of VHSL.

9.     Sisson was born on July 31, 1991, and was held back by Montgomery County Public Schools because of a learning disability.

10.     On or about July 1, 2010, Defendant VHSL denied Sisson the ability to participate in interscholastic athletic competition for the 2010–11 school year because of a rule which denies eligibility to students who turned 19 on or before July 31, 2010.

11.     Sisson was denied eligibility because he did not show undue hardship.

12.     VHSL regularly grants waivers of the regulations to foreign students who have difficultly learning English at a far greater rate than those students who are held back in school.

## COUNT 1

13.     VHSL's denial of Sisson's eligibility constitutes a violation of the Due Process Clause of the 14th Amendment of the United States' Constitution because the words "undue

2

hardship" appear nowhere in the VHSL regulations except for in the definitions of certain

appeals criteria.

## COUNT 2

14.     VHSL's denial of Sisson's eligibility constitutes a violation of the Equal

Protection Clause of the 14th Amendment of the United States' Constitution because of the

disparate impact of the application of VHSL's regulations.

## THIS COURT'S POWER TO GRANT RELIEF

15.     42 U.S.C. § 1983 allows this Court to provide injunctive relief for the deprivation

of any rights, privileges, or immunities secured by the Constitution.

16.     28 U.S.C. § 2201 allows this Court to declare the rights and other legal relations

of any interested party seeking such declaration.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201, and the

Court's own equitable powers, respectfully requests that the Court:

1.     Award plaintiff such temporary and preliminary injunctive and ancillary relief as

may be necessary to avert the likelihood of injury during the pendency of this action and to

preserve the possibility of effective final relief;

2.     Permanently enjoin the defendants from violating the United States' Constitution,

as alleged herein; and

3.     Award plaintiff the costs of bringing this action, as well as such other and

additional equitable relief as the Court may determine to be just and proper.

DATED this 29th day of November, 2010.                    Respectfully Submitted,

                                                          STEPHEN ADAM SISSON

                                                          s/ D. Stephen Haga, Jr.

                                                          _____


D. Stephen Haga, Jr. (VSB No.: 19125)
Kristopher R. Olin (VSB No.: 78890)
The Haga Law Firm, PLC
27 Scattergood Drive NW
Christiansburg, VA 24073
(540) 382-6321 telephone
(540) 381-2881 facsimile
        *Attorneys for the Plaintiff*


## CERTIFICATE OF MAILING

I, Kristopher R. Olin, hereby certify that on this 30th day of November, 2010, the foregoing
Complaint was mailed, postage prepaid, to:

Virginia High School League, Inc.
c/o CT Corporation System, Registered Agent
4701 Cox Road, Suite 301
Glen Allen, VA 23060


                                                 Kristopher R. Olin, Esq.


4