CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 4 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

STEVEN ADAM SISSON,          )
    Plaintiff,          )          Civil Action No. 7:10CV00530
              )
v.          )          **MEMORANDUM OPINION**
              )
VIRGINIA HIGH SCHOOL LEAGUE, INC., )          By: Hon. Glen E. Conrad
    Defendant.          )          Chief United States District Judge

    The plaintiff, Steven Adam Sisson, is a senior at Eastern Montgomery High School in Montgomery County, Virginia. Under the eligibility rules promulgated by the defendant, Virginia High School League ("VHSL"), Sisson is one-day too old to participate in League-sponsored athletic activities, because he turned 19 on July 31, 2010. After unsuccessfully attempting to obtain a waiver of the age rule, Sisson filed this action under 42 U.S.C. § 1983, asserting violations of his rights to due process and equal protection. The case is presently before the court on the plaintiff's motion for temporary restraining order and preliminary injunction. For the reasons stated during the hearing on December 10, 2010, and for those that follow, the plaintiff's motion will be denied.

### Factual Background and Procedural History

    When Sisson was in the third grade, he was identified as having a specific learning disability in reading and writing with an auditory processing deficit. Although his grades were average, Sisson's parents elected for him to repeat the third grade at the recommendation of his private elementary school. After Sisson completed the seventh grade, his parents moved him to a public school in Montgomery County that could better accommodate his particular academic needs.

During his freshman year at Eastern Montgomery High School, Sisson played football, baseball, and basketball at the junior varsity level. He then played the same sports at the varsity level during his sophomore and junior years. As early as his freshman year, Sisson learned that he might not be eligible to play high school sports during his senior year because of his age and date of birth.

The VHSL, of which Eastern Montgomery is a member, has adopted thirteen regulations addressing the eligibility of individual students to participate in League-sponsored activities. One of those regulations, the so-called "age rule," states that a student shall not have reached the age of 19 on or before the first day of August of the school year in which he wishes to compete. Sisson turned 19 on July 31, 2010 and, thus, is one-day too old under the rule.

The VHSL regulations permit students to apply for a waiver of the age rule. According to the rules governing eligibility appeals, a waiver will be considered:

A. For the student who experienced a delayed start or interruption in his/her educational progression due to a significant disability. Disabled persons shall be defined as those, who by reason of one or more of the following conditions, are unable to receive reasonable benefit from ordinary education: long-term physical impairment or illness, significant limited intellectual capacity, significant identifiable emotional disorder, identifiable perceptual or communicative disorder, or speech disorders; or

B. For a non-native language speaking student placed in a lower grade than his/her age would dictate when first enrolling in a new school; or

C. For the foreign student in refugee status.

The rules further provide that a waiver will not be considered "[i]f the student repeats a grade after making grades satisfactory for promotion to the next level."

Sisson applied for a waiver of the age rule in March of 2010. The application was signed by his high school principal, who opined that Sisson experienced an interruption in his educational progression due to a disability and, thus, that he was eligible for a waiver under criterion A, set forth above.

Sisson's application was first reviewed by the local district committee, which recommended granting a waiver. The committee found that Sisson satisfied criterion A and that he would suffer an undue hardship if the age rule was not waived.

The application was subsequently forwarded to Tom Zimorski, the deputy director of the VHSL. Zimorski ultimately declined to follow the district committee's recommendation and denied the waiver request on several grounds. Specifically, Zimorski found that no waiver criterion had been met, that the data provided by Sisson was insufficient to support a waiver, and that no undue hardship had been identified.

Sisson appealed the deputy director's decision to the VHSL's executive committee. The executive committee heard the matter via telephone conference on May 12, 2010, and ultimately voted to deny Sisson's request for a waiver.

Sisson then appealed to an independent hearing officer, the final level of review under the VHSL rules. The hearing officer considered the materials submitted by Sisson and conducted an in-person hearing on May 28, 2010. By letter dated June 1, 2010, the hearing officer denied the request for a waiver. Although the hearing officer found that criterion A may apply as a result of Sisson's documented learning disability, the officer determined that a waiver was not necessary to avoid an inequity or prevent an undue hardship.

Nearly six months later, on November 30, 2010, Sisson filed the instant action against the VHSL, alleging that he was deprived of due process and equal protection as a result of being denied a waiver of the age rule. The follow day, Sisson filed a motion for temporary restraining order and preliminary injunction. In the motion, Sisson requests an order requiring the VHSL to permit him to participate in interscholastic athletic programs and competitions.

## Discussion

Temporary restraining orders and preliminary injunctions are "extraordinary remedies" which may be granted "only sparingly and in limited circumstances." MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (internal citations omitted). A party seeking preliminary injunctive relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). If all four of these requirements are not satisfied, a preliminary injunction may not be issued. See The Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371, reissued in part on remand, 607 F.3d 355, 356 (4th Cir. 2010) (reissuing the portion of the earlier decision that articulated the requirements for a preliminary injunction).

Having carefully reviewed the record in this case and the applicable case law, the court concludes that Sisson has failed to establish that he is entitled to preliminary injunctive relief. First, Sisson has failed to demonstrate that he is likely to succeed on the merits of his claims. As the court explained during the hearing on the instant motion, the facts of this case do not give rise to a viable due process claim. In order to claim the procedural protections of the Due Process

Clause of the Fourteenth Amendment, a complainant must establish that he has been deprived of life, liberty, or property. Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). While Sisson contends that he has a protected property interest in playing interscholastic athletics, he does not cite any legal authority that supports the notion that such interest exists. In the only case cited by Sisson, Goss v. Lopez, 419 U.S. 565 (1975), the United States Supreme Court held that an Ohio law, which mandated free public education and required residents to attend school, gave those students a property interest in public education that could not be taken away without due process. In this case, however, the issue is not whether Sisson has a protected right to public education, but whether he has a legitimate claim of entitlement to play high school football, basketball, and baseball. Because this court and others have rejected the notion that students have a constitutionally protected interest in participating in interscholastic athletics, the court concludes that Sisson's due process claim has little to no likelihood of success on the merits. See Equity in Athletics, Inc. v. Dep't of Educ., 675 F. Supp. 2d 660 (W.D. Va. 2009) (dismissing the plaintiff's claim that students had a protected property interest in playing intercollegiate sports); see also Seamons v. Snow, 84 F.3d 1226, 1235 (10th Cir. 1996) (emphasizing that the Court had interpreted Goss v. Lopez "to speak only in general terms regarding the 'educational process,'" and that "the innumerable separate components of the educational process, such as participation in athletics and membership in school clubs, do not create a property interest subject to constitutional protection"); Davenport v. Randolph County Bd. of Educ., 730 F.2d 1395, 1397 (11th Cir. 1984) ("This court has held that the privilege of participating in interscholastic activities must be deemed to fall . . . outside the protection of due process."); Brindisi v. Regano,

20 F. App'x 508, 510 (6th Cir. 2001) (holding that the plaintiff "has neither a liberty nor a property interest in interscholastic athletics subject to due process protection").

Sisson's equal protection claim is premised on the assertion that students like him, who apply for a waiver of the age rule on the basis of a disability, are treated less favorably than foreign students who apply for waivers. While this claim presents a closer question than Sisson's due process claim, the court nonetheless has serious doubt as to its likelihood of success. To prevail on an equal protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If the plaintiff makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. In this regard, a decision "that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for [it]." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).

In this case, the court questions whether Sisson will be able to satisfy either of the first required elements – that he was treated differently from others with whom he was similarly situated or that any unequal treatment was the result of intentional discrimination. As the VHSL noted during the hearing on Sisson's motion, eligibility decisions require an examination of facts and circumstances that are often unique to each student who applies for a waiver. In Sisson's case, it is undisputed that he suffers from a learning disability. However, he was not required to repeat a grade as a result of the disability, or otherwise held back at the direction of school

6

officials. Instead, Sisson's parents elected for him to repeat the third grade to improve his chances of academic success, even though his grades would have permitted him to be promoted to the next grade. Given this distinguishing factor, it will be difficult for Sisson to establish that he was similarly situated, in all relevant respects, to students who were granted waivers of the age requirement, or that the denial of his application was the result of purposeful discrimination.

Moreover, as previously explained, there is no fundamental right to participate in interscholastic athletics, and "the Supreme Court has held that the disabled are not a suspect class for purposes of an equal protection challenge." Bowers v. NCAA, 475 F.3d 524, 554 (3d Cir. 2007) (citing City of Cleburne v. City of Cleburne Living Center, 473 U.S. 432, 439 (1985)). As a result, any differential treatment is subject only to the deferential "rational basis" standard of review. Under this standard, a defendant's action will be upheld as long as "there is any reasonably conceivable state of facts which could provide a rational basis for the [unequal treatment]." Beach Communications, 508 U.S. at 313. Given the current record, and in light of the foregoing principles, the court is unable to conclude that Sisson's equal protection challenge has a strong likelihood of success.

The court is also unable to conclude that Sisson will suffer irreparable harm in the absence of preliminary injunctive relief. As previously stated, Sisson has been aware of his eligibility problems since his freshman year of high school, and his last administrative appeal from the denial of his waiver application concluded on June 1, 2010. Nonetheless, Sisson waited until November 30, 2010 to file the instant action. The court agrees with the VHSL that such delay militates against a finding of irreparable harm. See Quince Orchard Valley Citizens Ass'n,

Inc. v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989) ("Although a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction.") (internal citation and quotation marks omitted).

In addition, other courts, when faced with similar circumstances, have rejected the notion that a student suffers "irreparable harm" by not being permitted to participate in interscholastic athletics. See, e.g., Dziewa v. Pa. Interscholastic Athletic Ass'n, 2009 U.S. Dist. LEXIS 3062, at *17 (E.D. Pa. Jan. 16, 2009) ("This court, as well as other federal courts, have previously and consistently held that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm."). In this case, Sisson had the opportunity to play football, baseball, and basketball for Eastern Montgomery during his first three years of high school, and it appears from the record that he continues to associate with the school's athletic teams. While it is understandable that he would like to actually participate in competitive sporting events sponsored by the VHSL during his final year of high school, it is difficult to conclude that he will be irreparably harmed if he is unable to do so.

### Conclusion

In closing, the court is not unsympathetic to Sisson's plight and likely would have granted him a waiver if it had been responsible for making the decision. However, in light of the legal standards governing Sisson's federal claims and the instant motion, the court is unable to conclude that he is entitled to the extraordinary remedy of preliminary injunctive relief.

Accordingly, his motion for temporary restraining order and preliminary injunction must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompany order to all counsel of record.

**ENTER**: This _14th_ day of December, 2010.

_____
Chief United States District Judge